Robert A. Huntsman, ISB #5345
HUNTSMAN LAW GROUP, PLLC
10400 W. Overland Road, #174
Boise, ID  83709

Email: bobh@huntsmanlg.com
Telephone Number:    (208) 860-4379

Attorney for the Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VIRTRA SYSTEMS, INC., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAAC, INC., a Michigan corporation,<br><br>Defendant. | Case No. :_____<br><br>COMPLAINT FOR PATENT INFRINGEMENT |

Plaintiff VirTra, Inc. by way of Complaint against the above named Defendant FACC, Inc., alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

## THE PARTIES

2. Plaintiff VirTra Systems, Inc. (hereafter VIRTRA") is a Texas corporation with its principle place of business in Tempe, Arizona.

3. VIRTRA creates and sells and is a leading provider of firearms training equipment and systems for law enforecement and military personnel.

4. Defendant FAAC, Inc. (hereafter "FAAC")  is a Michigan corporation with its principal place of  business in Ann Arbor, Michigan.

5. FAAC creates and sells simulated law enforcement and military equipment and scenarios employing handguns, rifles and shotguns for training purposes.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over the Defendant because the Defendant transacts business through the United States, including the state of Idaho, sells, and continues to offer for sale its products in the State of Idaho.

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

9. Venue in this district is proper under 28 U.S.C. § 1391(c) and § 1400(b).

## FACTUAL BACKGROUND

10. On September 13, 2011, U.S. Patent No. 8,016,594  hereafter "the '594 patent"),

entitled "Method of Training Utilizing a Threat Fire Simulation and Training System" was duly and legally issued by the United States Patent and Trademark Office to the Plaintiff. A copy of the '594 patent is included herein as Exhibit 1.

11.     On September 18, 2012, U.S. Patent No. 8,267,691  hereafter "the '691 patent"), entitled "Threat Fire Simulation and Training System" was duly and legally issued by the United States Patent and Trademark Office to the Plaintiff.  A copy of the '691patent is included herein as Exhibit 2.

12.     The Plaintiff VIRTRA is the assignee of record of the '594 and '691 patents.

13.     The Defendant FAAC, under the brand name "Milo Range" offers a number of training products including MILO Range Pro, MILO Range Theater, MILO Shoothouse, Firearms Diagnostics Unit, and LiveFire systems (hereafter collectively MILO PRODUCTS.)

14.     FAAC  offers a wireless device that can be attached to a trainee's arms, leg, or waist than can be remote activated by the instructor in MILO PRODUCTS scenarios to introduce electric shock sensations to the trainee (hereafter "SHOCKER").

## CLAIM FOR RELIEF

### Claim 1
### Infringement of U.S. Patent No.  8,016,594 by FACC

15.     The allegations set forth in the foregoing paragraphs 1 through 14 are hereby re-alleged and incorporated herein by reference.

16.     Defendant FAAC makes sells, and uses, throughout the United States and this district, MILO PRODUCTS and SHOCKER.  SHOCKER, when used in combination with one or more MILO PRODUCTS infringes at least claim 1 of U.S. Patent No. 8,106,594.

### Claim 2
### Infringement of U.S. Patent No.  8,267,691 by FACC

17.     The allegations set forth in the foregoing paragraphs 1 through 16 are hereby re-

alleged and incorporated herein by reference.

18.     Defendant FAAC makes sells, and uses, throughout the United States and this district, MILO PRODUCTS and SHOCKER.  SHOCKER, when used in combination with one or more MILO PRODUCTS infringes at least claim 1 of U.S. Patent No. 8,267,691.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment for the Plaintiff and against each Defendant as follows:

1.     An adjudication that FACC has infringed the '594 patent;

2.     An adjudication that FAAC and its officers, directors, employees, and others acting under their direction or control be permanently enjoined and retrained from infringing the '691 patent;

3.     An adjudication that FACC has infringed the '691 patent;

4.     An adjudication that FAAC and its officers, directors, employees, and others acting under their direction or control be permanently enjoined and retrained from infringing the '594 patent;

5.     An award of damages to be paid by Defendant adequate to compensate the Plaintiff for Defendant's infringement of the above Patents, of at least reasonable royalty in accordance with 35 U.S.C. §284;

6.     Interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

7.     Increased damages of treble the amount of actual damages found or assessed pursuant to 35 U.S.C. §284;

8.     Reasonable attorneys' fees pursuant to 35 U.S.C. §285;

9.      For such other and further relief authorized by statute or deemed just and appropriate by this Court.


Dated this 4th day of August, 2014.


HUNTSMAN LAW GROUP, PLLC
By    /s/ Robert  A.  Huntsman
        Robert A. Huntsman
        Attorney for Plaintiff

COMPLAINT- 5